```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------x
SONJA RODRIGUEZ MELENDEZ,
                                   :
                Plaintiff,             REPORT & RECOMMENDATION
                                   :
        -against-                      14 cv. 363 (LTS)(MHD)
                                   :
CAROLYN W. COLVIN, Acting
Commissioner of Social Security    :
----------------------------------x
```

TO THE HONORABLE LAURA TAYLOR SWAIN, U.S.D.J.:

Plaintiff Sonja Rodriguez Melendez commenced this lawsuit on January 21, 2014 to challenge the denial by the Social Security Administration ("SSA") of her application for disability insurance benefits. (Compl. ¶ 1, Doc. 1). By stipulation and order signed by the court on January 9, 2015, the case was remanded to the SSA for further administrative proceedings. (Stip & Order, Doc. 20). Plaintiff's counsel, Howard D. Olinsky, Esq., has now moved for an award of attorney's fees under the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412(d). Defendant opposes.

For the reasons that follow, we recommend that the motion be granted in part.

1

Plaintiff's Motion

In plaintiff's counsel's initial motion papers, he seeks an award of $6,598.44. This total is calculated based on an assumption that he and his associated attorneys spent 29.9 hours working on the case, at a requested hourly rate of $195.60 -- for a total of $5,848.44 -- and that paralegals spent an additional 7.5 hours, at a requested rate of $100.00. (Olinsky Aff. ¶¶ 5-6 & Exs. A & B, Doc. 23). He also asks reimbursement for $14.43 in certified mail costs. (Id. ¶ 8 & Ex. C).

Defendant opposes on the single ground that plaintiff's counsel has failed to demonstrate that his account of the hours spent was documented in contemporaneous time records. (Def's Mem 2-6, Doc. 31).

ANALYSIS

The EAJA requires that in any suit by or against the United States, "including proceedings for judicial review of agency action", the court is to award a prevailing private litigant "fees and other expenses . . . unless the court finds that the position of the United States was substantially justified or that other

2

special circumstances make an award unjust." 28 U.S.C. § 2412(d)(1)(A). That provision applies to suits under 42 U.S.C. § 405(g) to review denials of Social Security disability benefits. See, e.g., Vincent v. Commissioner of Social Security, 651 F.3d 299, 302-03 (2d Cir. 2011).

Under the EAJA the applicant may seek an award only after entry of final judgment. In the context of a suit under the Social Security Act, a remand order under sentence four of section 205(g) -- as was the case here -- constitutes such a final judgment. See, e.g., Camilo v. Colvin, 2015 WL 3385734, *2 (S.D.N.Y.); Gallo v. Astrue, 2011 WL 5409619, *3 (E.D.N.Y. Nov. 8, 2011) (citing Shalala v. Schaefer, 509 U.S. 292, 296-97 (1993)).[1]

Defendant does not dispute plaintiff's ability to satisfy all of these requirements. Moreover, defendant does not dispute the posited hourly rates.[2] Rather, it objects to plaintiff's requested

---

[1] The prevailing party also may not have net assets in excess of $2 million. 28 U.S.C. § 2412(d)(2)(B).

[2] Under the EAJA, as supplemented by Pub. Law 104-121 (Apr. 19, 1996), the base attorney-fee award is $125.00 per hour for all suits filed after March 29, 1996. Adjusting that amount by the increase in the cost of living -- as the EAJA permits, see 28 U.S.C. § 2412(d)(2)(A)(ii) -- counsel calculates an adjusted hourly rate of $195.60, which defendant does not question and which accords with our review of the pertinent data. See Consumer

3

award because other courts have found -- and plaintiff's counsel concedes -- that until sometime in the latter part of 2014 his office computer system did not record the amount of time spent by lawyers and other staff on any given case. (See Def's Mem. at 3-5 (citing decisions denying or limiting fees to Mr. Olinsky); Branagan Decl. Exs. 2-4). In defendant's opposition papers, they also argue that no award should be granted because plaintiff's counsel does not represent by affidavit that his records through any part of 2014 reflect such contemporaneous recording. (Def's Mem. at 5).

There is no question that, except in unusual circumstances, the court will not award attorney's fees in the absence of

---

Price Index - Urban Wage Earners & Clerical Workers, BUREAU OF LABOR STATISTICS, DEP'T OF LABOR, http://Data.bls.gov (last visited July 29, 2015).

As for the proposed paralegal fee, we first observe that "[t]he EAJA permits fees to be awarded for the work of attorneys and paralegals." Stroud v. Comm'r of Soc. Sec., 2015 WL 2114578, *3 (S.D.N.Y. Mar. 24, 2015), adopted as mod., 2015 WL 2137697 (S.D.N.Y. May 6, 2015) (citing Richlin Sec. Serv. Co. v. Chertoff, 533 U.S. 571, 581 n.10 (2008)). Second, it is also clear that courts in this district have regularly approved a $100.00 hourly charge for paralegals. See, e.g., Gonzalez v. Scalinatella, Inc., __ F. Supp. 3d __, __, 2015 WL 3757069, *22 (S.D.N.Y. June 12, 2015) (awarding $100.00 to paralegals); Stroud, 2015 WL 2114578 at *5 (awarding $100.00 to plaintiff's firm for its paralegal work); Balestriere PLLC v. CMA Trading, Inc., 2014 WL 7404068, *10 (S.D.N.Y. Dec. 31, 2014) (citing cases reflecting a range of "$50.00 to $150.00 for paralegals").

contemporaneous time records. See, e.g., Mishkin v. Lopalo, 767 F.3d 144, 148 (2d Cir. 2014); Scott v. City of New York, 626 F.3d 130, 133 (2d Cir. 2010) (citing New York State Assoc. For Rtarded Children v. Carey, 711 F.2d 1136, 1148 (2d Cir. 1983)). There is also no dispute that for a period of time the billing system used by plaintiff's counsel's law firm did not record time, and hence the firm is unable to provide contemporaneous time records for work done before the system's vendor instructed the attorney on "how to turn on the ledger tab, the tab that allows for stopwatch time keeping or direct after the fact timekeeping." (Pl's Reply Brief at 1-2; Branagan Decl. Ex. 1 at ¶¶ 9-11). According to plaintiff's counsel, that correction took place on August 29, 2014, and hence, since that time all work by attorneys and paralegals has been recorded in a manner compliant with Second Circuit requirements. (Pl's Reply Br. at 2). See also Stroud, 2015 WL 2137697 at *1-2.

In the reply brief of plaintiff's counsel, he seems to concede that his pre-August 29, 2014 time cannot be compensated under current standards, a concession that accords with the holdings of various courts in this district that have addressed his time-recording problem. (Pl's Reply Br. at 1; Branagan Decl. Exs. 2-3). See, e.g., Stroud, 2015 WL 2114578 at *5; Kottwitz v. Colvin, __ F. Supp. 3d __, __, 2015 WL 293821, *1, *4 (S.D.N.Y. July 14, 2015).

5

Thus he now asserts -- consistent with his proffered time records -- that attorneys in his firm spent 17.9 hours working on this case after the proper recordation system was implemented, and that paralegals spent 3.4 hours in that same period. He thus now asks for an award of $3,383.88 for attorney's fees and $340.00 for paralegal fees, or a total of $3,723.88, presumably in addition to the charge of $14.43 in mailing expenses. (Id. at 3).

Since defendant's only challenge to the application of counsel was premised on the failure of the law firm to keep contemporaneous records, and since that error was remedied by August 29, 2014,[3] we conclude that counsel should be awarded the fees generated after that date, and calculated on the basis of a $195.60 hourly rate for attorneys and $100.00 for paralegals, and that he be awarded as well his documented cost.

---

[3] For reasons that do not merit discussion, defendant targets October 3, 2014 as the date on which plaintiff's counsel's recordation system was remedied. (Def's Mem. at 4-5). Given, inter alia, the conclusion in Stroud that plaintiff's counsel in fact began keeping contemporaneous records on August 29, 2014, we utilize this earlier date for purposes of calculating fees owed. See Stroud, 2015 WL 2114578 at *5. (See also Pl's Reply Br. at 2-3).

6

CONCLUSION

For the reasons stated, we recommend that the motion of plaintiff's counsel for an award of fees and costs be granted in part, in the amount of $3,738.31.

Pursuant to Rule 72 of the Federal Rules of Civil Procedure, the parties shall have fourteen (14) days from this date to file written objections to this Report and Recommendation. Such objections shall be filed with the Clerk of the Court and served on all adversaries, with extra copies to be delivered to the chambers of the Honorable Laura Taylor Swain, Room 1320, 500 Pearl Street, New York, New York 10007-1312. Failure to file timely objections may constitute a waiver of those objections both in the District Court and on later appeal to the United States Court of Appeals. See 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72, 6(a), 6(d); Thomas v. Arn, 474 U.S. 140, 150 (1985); DeLeon v. Strack, 234 F.3d 84, 86 (2d. Cir. 2000) (citing Small v. Sec'y. of Health & Human Servs., 892 F.2d 15, 16 (2d Cir. 1989)).

Dated: New York, New York
       July 29, 2015

                              _____
                              MICHAEL H. DOLINGER
                              UNITED STATES MAGISTRATE JUDGE


Copies of the foregoing Report & Recommendation have been mailed today to:

**Howard David Olinsky, Esq.**
Olinsky Law Group
300 S. State St., Ste. 420
Syracuse, NY 13202

**Susan Colleen Branagan, Esq.**
U.S. Attorney Office SDNY
86 Chambers Street
New York, NY 10007